# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

MARTIN L. ERTMAN,

        Petitioner,               Case Number: 2:11-CV-12465

v.                                  HONORABLE NANCY G. EDMUNDS

THOMAS BIRKETT,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

Petitioner Martin L. Ertman, a state inmate incarcerated at the Central Michigan Correctional Facility, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254. He challenges his convictions for kidnapping and operating or maintaining a lab involving methamphetamine on the grounds that the trial court relied on inaccurate information in sentencing and incorrectly refused to retroactively apply amended kidnapping statute, and appellate counsel was ineffective in failing to raise these issues on appeal. Respondent argues that the petition is untimely and, in the alternative, that the claims are meritless. The Court finds the petition is untimely.

## I.

On March 26, 2006, Petitioner pleaded guilty in St. Joseph County Circuit Court to kidnapping and operating or maintaining a methamphetamine lab. In exchange for his plea, the prosecutor dismissed one count of assault with intent to murder and

recommended that Petitioner's minimum sentence not exceed ten years. On June 8, 2006, Petitioner was sentenced to 9 to 30 years in prison for the kidnapping conviction and three to twenty years in prison for the drug-related conviction.

Petitioner filed an application for leave to appeal in the Michigan Court of Appeals. He raised this claim:

> Whether the trial court clearly erred and abused its discretion by failing to correctly resolve defendant's challenge to the scoring of offense variable.

The Michigan Court of Appeals denied leave to appeal because Petitioner failed to meet the burden of establishing entitlement to relief under Michigan Court Rule 6.508(D). *People v. Ertman*, No. 274360 (Mich. Ct. App. Dec. 27, 2006).

Petitioner filed an application for leave to appeal in the Michigan Supreme Court. He raised the same claim raised in the Michigan Court of Appeals and also argued that the Michigan Court of Appeals improperly analyzed his claim under Mich. Ct. R. 6.508(D), when the application was not based upon the denial of a motion for relief from judgment. The Michigan Supreme Court found that the Michigan Court of Appeals improperly analyzed the application under Mich. Ct. Rule 6.508(D) and remanded to the Michigan Court of Appeals. *People v. Ertman,* 478 Mich. 865 (May 30, 2007). On remand, the Michigan Court of Appeals denied leave to appeal for lack of merit in the grounds presented. *People v. Ertman*, No. 274360 (Mich. Ct. App. Sept. 12, 2007). The Michigan Supreme Court denied leave to appeal. *People v. Ertman*, 480 Mich. 1012 (Jan. 8, 2008).

On February 21, 2008, Petitioner filed a motion for relief from judgment in the trial court. He raised this claim:

> Did the trial court commit clear error and abuse its discretion by scoring defendant 50 points for offense variable 7 based on the actions of the codefendants and by doing so based on facts not of the record which constitutes a misapplication of the facts and law?

The trial court denied the motion. *People v. Ertman*, No. 05-13192 (St. Joseph County Cir. Ct. Feb. 26, 2008). Petitioner's applications for leave to appeal were denied by the Michigan Court of Appeals and Michigan Supreme Court. *People v. Ertman*, No. 288939 (Mich. Ct. App. Feb. 27, 2009); *People v. Ertman,* 485 Mich. 892 (Sept. 28, 2009).

On December 5, 2008, Petitioner filed a second motion for relief from judgment in the trial court. On February 1, 2010, the motion was denied. *People v. Ertman*, No. 05-13192 (St. Joseph Cir. Ct. Feb. 1, 2010). The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal because, under Mich. Ct. Rule 6.502(G), the denial of a successive motion for relief from judgment is not appealable. *People v. Ertman*, No. 298035 (Mich. Ct. App. Aug. 2, 2010). The Michigan Supreme Court also denied leave to appeal under Mich. Ct. Rule 6.502(G). *People v. Ertman*, 488 Mich. 1046 (March 8, 2011).

Petitioner filed his habeas petition on May 27, 2011.

## II.

Respondent argues that the petition should be dismissed because it was not timely filed. A prisoner must file a federal habeas corpus petition within one year of the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). The one-year limitations period does not begin to run until the time for filing a petition for a writ of certiorari to the United States Supreme Court has expired. *Isham v. Randle*, 226 F.3d 69, 694-95 (6th Cir. 2000). The time during which a prisoner seeks state-court collateral review of a conviction does not count toward the limitations period. 28 U.S.C. § 2244(d)(2). A properly filed application for state post-conviction relief, while tolling the statute of limitations, does not serve to restart the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

In the pending case, Petitioner appealed his conviction first to the Michigan Court of Appeals, and then to the Michigan Supreme Court. The Michigan Supreme Court denied his application for leave to appeal on January 8, 2008. Petitioner had ninety days from that date to file a petition for writ of certiorari with the United States Supreme Court, which he did not do. Thus, his conviction became final on April 8, 2008, when the time period for seeking certiorari expired. *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000) (one-year statute of limitations does not begin to run until the time for filing a petition for a writ of certiorari for direct review in the United States Supreme Court has expired). The last day on which a petitioner can file a petition for a writ of certiorari in

the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions. *Id.* at 285. Accordingly, the limitations period would have commenced on April 9, 2008. Petitioner filed a motion for relief from judgment on February 21, 2008. That motion, a properly filed application for collateral review, tolled the limitations period before the statute of limitations commenced.

The collateral review proceeding remained pending until September 28, 2009, when the Michigan Supreme Court denied leave to appeal. At the time the Michigan Supreme Court denied leave to appeal the denial of Petitioner's first motion for relief from judgment, Petitioner's second motion for relief from judgment (filed December 5, 2008) remained pending in the trial court. Ordinarily, the filing of a second motion for relief from judgment in the state trial court would not toll the one-year limitations period because trial courts generally invoke Michigan Court Rule 6.502(G), to find that second motions for relief from judgment are not properly filed. Under Mich. Ct. R. 6.502(G), unless there has been a retroactive change in the law or newly discovered evidence that was not discoverable before the filing of the first motion, "one and only one motion for relief from judgment may be filed with regard to a conviction." Mich. Ct. R. 6.502(G). However, in this case, the trial court did not invoke the ban on successive motions for relief from judgment. Thus, the filing of the motion tolled the limitations period.

The trial court denied the second motion for relief from judgment on February 1, 2010. The Michigan Court of Appeals dismissed Petitioner's application for leave to appeal because it was not properly filed under Mich. Ct. R. 6.502(G), which bars an

appeal from the denial of a second motion for relief from judgment. The Michigan Supreme Court denied leave to appeal because the motion for relief from judgment was not properly filed under Rule 6.502(G). Thus, Petitioner's applications for leave to appeal to the Michigan Court of Appeals and Michigan Supreme Court did not toll the limitations period because they were not properly filed. *Williams v. Birkett*, 670 F.3d 729, 734-36 (6th Cir. 2012). The limitations period, therefore, resumed running on February 1, 2010, when the trial court denied Petitioner's motion for relief from judgment. The limitations period continued to run, uninterrupted, until it expired one-year later. Petitioner's filed this habeas petition approximately four months after the limitations period expired.

Petitioner fails to raise equitable tolling or allege any facts or circumstances that would warrant its application in this case. Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations and the petition is untimely.

### III.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings, which was amended as of December 1, 2009, requires that a district court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11, Rules Governing Section 2255 Proceedings.

6

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Courts must either issue a certificate of appealability indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotes and citations omitted).

In this case, the Court concludes that reasonable jurists would not debate the Court's conclusion that the petition is untimely. Therefore, the Court denies a certificate of appealability.

**IV.**

The Court finds that Petitioner failed to file his habeas petition within the applicable one-year limitations period. Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability.

s/Nancy G. Edmunds
                            Nancy G. Edmunds
                            United States District Judge

Dated: April 16, 2012

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 16, 2012, by electronic and/or ordinary mail.

                            s/Carol A. Hemeyer
                            Case Manager